## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DAVID WAYNE GIBSON, JR.**                                            **CIVIL ACTION**

**VERSUS**

**NO. 24-584-JWD-RLB**

**AMERICAN TRAVEL ASSOCIATES, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings of fact, conclusions of law, and recommendations within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 25, 2024.

                                        **RICHARD L. BOURGEOIS, JR.**
                                        **UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DAVID WAYNE GIBSON, JR.**                                      **CIVIL ACTION**

**VERSUS**

                                                                                        **NO. 24-584-JWD-RLB**

**AMERICAN TRAVEL ASSOCIATES, ET AL.**

**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

Before the Court are David Wayne Gibson, Jr.'s ("Plaintiff") Complaint for Employment Discrimination, a July 25, 2024 Order in which Plaintiff was ordered to amend his complaint, and Plaintiff's amended complaint (the "Amended Complaint"). (R. Docs. 1, 5, 6).

**I.    Background**

On July 16, 2024, Plaintiff filed a *pro se* complaint under 42 U.S.C. §§ 12112-7 (the "ADA"), alleging American Travel Associates ("ATA") and its employees discriminated against him when he was terminated from his job after ATA did not accommodate his disabilities of bipolar disorder and ADHD. (R. Doc. 1). Plaintiff wrote the following in his complaint:

> Company was made aware of accommodations request on 8/2/2022, a meeting was not held to discuss accommodations until 10/18/2022. Company terminated employment on 10/28/2022 before paperwork that was requested was able to be submitted.

(R. Doc. 1). Plaintiff seeks punitive damages of $300,000 and $125 million for emotional damages. (R. Doc. 1). Plaintiff also specified that all the defendants are located in California, including the company ATA. (R. Doc. 1).

On July 25, 2024, this Court ordered Plaintiff to file an amended complaint that included "details on how each defendant was involved and what each defendant did that caused [P]laintiff harm or violated [P]laintiff's rights, including the dates and places of [such, his] job title and employee relationship, why he believes he was discriminated [against] on the basis of [his] bipolar and ADHD[,] and what specific accommodations were requested and how they were refused." (R.

2

Doc. 5). Plaintiff was informed that a failure to do so could "result in a determination that [his] allegations as drafted are insufficient to proceed." (R. Doc. 5). This Court now assesses Plaintiff's Amended Complaint. (R. Doc. 6).

**II.     Law and Analysis**

*Pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also SEC v. AMX, Int'l, Inc.*, 7 F. 3d 71, 75 (5th Cir. 1993) (A court "must construe [a *pro se* plaintiff's] allegations and briefs more permissively"). Yet, "a *pro se* litigant is not exempt [] from compliance with relevant rules of procedural and substantive law." *NCO Fin. Systems, Inc. v. Harper-Horsley*, No. 07-4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (citation omitted). A *pro se* complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F. 2d 99, 100 (5th Cir. 1993) (*per curiam*) (citation omitted). We need not "search for or . . . create causes of actions or find material issues of fact for *pro se* plaintiffs." *Kiper v. Ascension Parish Sch. Bd.*, No. 14-313, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015) (citation omitted).

In this case, the Amended Complaint reveals only the following about Plaintiff's case:

- Plaintiff notified ATA of his disabilities in August of 2022, but ATA "delayed scheduling a meeting" to discuss accommodations until October of 2022.
- "During this delay, [Plaintiff's] ability to perform [his] job was severely hindered," and Plaintiff was terminated "before [he] could provide the necessary documentation to substantiate [his] disabilities[.]"
- Plaintiff alleges the termination made his ADHD and bipolar disorder worse, especially because he lost his health insurance due to the termination.
- Plaintiff seeks ATA's cryptocurrency, stating it "is a significant financial asset" of ATA since it "accepted cryptocurrency as payment for services[.]"

(R. Doc. 6). In support of his argument that he is entitled to damages, Plaintiff cites *Equal Emp. Opportunity Comm'n v. Wal-Mart Stores E., L.P.,* No. 22-3202, 2024 WL 3947802 (7th Cir. Aug. 27, 2024). In *EEOC v. Wal-Mart*, the Seventh Circuit held that when a person with down syndrome was

fired for missing work after her schedule was changed, it was in violation of the ADA, because the person had repeatedly asked for a schedule change accommodation, and it was apparent that she was disabled. *EEOC v. Wal-Mart*, 2024 WL at *5-8. Wal-Mart never began an accommodation process, asked for proof of plaintiff's disability, or met with her regarding her requests. *Id.* This is easily distinguishable from plaintiff's conclusory allegations.

In addition to not specifying specific acts taken by each individual, Plaintiff appears to have brought claims against three persons individually. These claims are not viable because "[i]ndividual liability is not available under the ADA" or under the Louisiana Employment Discrimination Act. *McPherson v. Ochsner Health Sys. Skilled Nursing Facility W. Campus,* No. CV 23-2433, 2024 WL 3742706, at *4-5 (E.D. La. Aug. 9, 2024); *See Parker v. Benteler Steel Tube Mfg. Corp*, CV 17-1453, 2018 WL 3685383, at *3 (W.D. La. Jul. 18, 2018) (dismissing ADA claims against individual defendants and reasoning that individual non-employers are not subject to personal liability under the ADA); *Franklin v. City of Slidell*, 928 F. Supp. 2d 874, 882 (E.D. La. 2013) ("Considering (a) the similarities between the definition of 'employer' in Title VII and the ADA, (b) the similar purposes of the two statutes, (c) the Fifth Circuit's consistent holdings that individuals cannot be held liable under Title VII in either their individual or official capacities, and (d) the weight of authority outside of the Fifth Circuit, this Court finds that individuals are not subject to liability under Title I of the ADA."); *Robertson v. Neuromedical Ctr*., 983 F. Supp. 669, 670 n.1 (M.D. La. 1997) (dismissing ADA claims against several individual doctors and reasoning that, because there is no individual liability under Title VII or the ADEA, there should be no individual liability under the ADA); *Williams v. Entergy Servs. LLC,* No. CV 23-1645-JWD-EWD, 2024 WL 3381894, at *2 (M.D. La. June 25, 2024), *report and recommendation adopted,* No. CV 23-1645-JWD-EWD, 2024 WL 3381255 (M.D. La. July 11, 2024) (citations omitted) (Court dismissed individual defendants because "1) no individual defendant is an "employer" as that term is used under Title VII; 2) to the extent Plaintiff brings a claim against

the individual defendant under the ADA, there is no individual liability under that Act; 3) the LEDL also only provides a cause of action against an employer, not an individual employee[.]").

From the above, it is clear Plaintiff's Amended Complaint does not specify how each defendant was involved, his job title or employee relationship, and/or what accommodations he requested or how they were refused. (R. Doc. 6). It also does not specify why venue would be proper in the Middle District of Louisiana rather than in California, given that all of the defendants and Plaintiff's place of employment was in California.[1] (R. Docs. 1 ,6). Any response from Plaintiff should specify whether he was working in California during the relevant time period of 2022.

Plaintiff has been given specific instructions on what areas need to be addressed in any amended complaint. He has failed to comply. Accordingly, the undersigned recommends that this matter be dismissed as frivolous. Plaintiff, however, will have fourteen days from today to object to this Report and Recommendation and address the above referenced deficiencies.

## III.     Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's case be **DISMISSED**.

**IT IS FURTHER RECOMMENDED** that if Plaintiff fails to cure the above-mentioned deficiencies by amending the Amended Complaint within fourteen (14) days of this report and recommendation, his case should be dismissed.

Signed in Baton Rouge, Louisiana, on September 25, 2024.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] It appears that Plaintiff's current address is in the Middle District of Louisiana, but the Complaint specifically identifies his "place of employment" as Los Angeles County, California.