UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

David Wayne Gibson Jr.,

Plaintiff,

v.

American Travel Associates,

Defendant.

Case No.: 24-00584-JWD-RLB

COMPLAINT FOR VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)

I. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and 42 U.S.C. § 12117(a), as this action arises under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 et seq.

Venue is proper in the Middle District of Louisiana pursuant to 28 U.S.C. § 1391(b)(1). Plaintiff resides in this judicial district at the time of filing this Complaint. While the events underlying this action occurred in the Eastern District of Louisiana, the Plaintiff's address in Zachary, Louisiana, which falls within the jurisdiction of the Middle District of Louisiana, establishes venue .

## II. PARTIES

1. Plaintiff, David Wayne Gibson Jr., is an individual residing in Zachary, Louisiana. Plaintiff was employed by Defendant from April 2022 through October 2022 as a Travel Associate in the hotel department.

2. Defendant, American Travel Associates, is a corporation located in Agoura Hills, California, and conducts business nationwide. Defendant qualifies as an "employer" under the ADA because it employs 15 or more employees.

## III. FACTUAL BACKGROUND

1. Plaintiff was employed by Defendant as a Travel Associate in the hotel department, having started his employment with the company in April 2022.

2. Plaintiff has a documented history of bipolar disorder and ADHD, which substantially limits one or more major life activities, including concentration, decision-making, and stress management. (Exhibit A)

3. On 2 AUG 22, Plaintiff formally submitted a request to Terry Robin (terryr@amtrav.com) for reasonable accommodations related to his disabilities, which included flexibility for time missed and absences related to treatment and medical care. (Exhibit B)

4. Despite this request, Defendant delayed meaningful engagement in the accommodation process until a formal request for documentation from plaintiff was requested on 12 OCT 22 and a formal meeting was held 18 OCT 22. (Exhibit C and D)

5. Prior to the 18 OCT 2022 meeting, Defendant requested medical documentation to support Plaintiff's accommodation request. Plaintiff complied promptly by coordinating with his mental health provider to provide the requested information and engaged in efforts to expedite the process. (Exhibit E)

6. However, Defendant terminated Plaintiff's employment on 28 OCT 2022 shortly after the request for documentation was made, despite Plaintiff's efforts to cooperate and the fact that the documentation was in the process of being provided. (Exhibit F)

7. Defendant's refusal to engage in the interactive process as required under the ADA led directly to Plaintiff's loss of employment and ongoing emotional, financial, and medical hardship.

8. Following termination, Plaintiff was denied access to medical care at MD Anderson Cancer Center due to financial instability caused by the loss of employment.

10. Additionally, Plaintiff has experienced housing instability, loss of standard of living, mental anguish, and embarrassment due to the termination and its cascading effects on his well-being.

11. In September 2023, Plaintiff filed a formal complaint with the EEOC, seeking relief for violations of the ADA. Defendant has refused to cooperate with the EEOC investigation, thereby obstructing the administrative resolution of Plaintiff's claims.

12. Defendant cited "at-will" employment in correspondence, despite the Plaintiff's repeated attempts to resolve this matter through accommodation and EEOC avenues. Plaintiff is arguing that this was a violation of the ADA. (Exhibit G)

IV. LEGAL CLAIMS

Count I – Violation of the ADA (Failure to Provide Reasonable Accommodations)

1. Plaintiff realleges and incorporates all preceding paragraphs.

2. Under the ADA, reasonable accommodations must be provided unless such accommodations would impose an undue hardship. Defendant failed to engage in the required interactive process and denied Plaintiff accommodations.

3. Defendant's actions violate 42 U.S.C. § 12112(b)(5)(A), which establishes employers' obligations to provide accommodations for known disabilities.

4. In EEOC v. Walmart Stores East, No. 1:17-cv-00070 (E.D. Wis.), the court held that employers have a duty to engage in good faith efforts to provide reasonable accommodations and must adhere to procedural protections under the ADA. Defendant's failure to meaningfully engage with Plaintiff and deny his accommodation request parallels the actions deemed unlawful in EEOC v. Walmart Stores East.

5. Courts have consistently ruled that failure to engage in the interactive process and to provide reasonable accommodations constitutes a violation of the ADA. (Kern vs. City of Rochester (2000))

Count II – Retaliation under the ADA

1. Plaintiff realleges and incorporates all preceding paragraphs.

2. Plaintiff engaged in protected activity under the ADA by requesting accommodations and initiating an EEOC complaint.

3. Defendant retaliated against Plaintiff by terminating his employment shortly after these actions, in violation of 42 U.S.C. § 12203(a), prohibiting such adverse actions.

4. Retaliation claims have been upheld in courts when adverse employment actions are taken in direct response to a protected activity under the ADA (Rowlands v. United Parcel Service, No. 17-3281 (7th Cir. Aug. 24, 2018)

5. The timing of the termination—following Plaintiff's request for accommodation and the submission of the requested documentation—raises a presumption of retaliation under the LEDL (La. R.S. § 23:332), which prohibits retaliation against an employee for requesting accommodations.

6. Defendant's actions, including the delay in responding to the accommodation request and the termination, were malicious, willful, and in reckless disregard of Plaintiff's rights, warranting punitive damages under the LEDL (La. R.S. § 23:303).

PLAINTIFF'S DEMAND FOR DAMAGES EXCEEDING THE ADA STATUTORY CAP UNDER LEDL

    1.    Plaintiff hereby incorporates all previous paragraphs as if fully set forth herein.

    2.    The ADA imposes a statutory cap on damages for claims of employment discrimination, with the cap for emotional distress and punitive damages varying depending on the size of the employer, ranging from $50,000 to $300,000 (42 U.S.C. § 1981a(b)). However, Louisiana Employment Discrimination Law (LEDL), under La. R.S. § 23:303, does not impose similar caps on emotional distress or punitive damages.

3. Under LEDL, compensatory and punitive damages may exceed the federal statutory limits established under the ADA. Specifically, La. R.S. § 23:303 allows for unlimited punitive damages in cases of malicious or willful misconduct by the employer, and compensatory damages for emotional distress are not capped. This provides a significant advantage to plaintiffs seeking redress for discriminatory or retaliatory actions, especially when the employer's actions have caused substantial emotional harm.

4. Plaintiff's claims arise from the employer's deliberate and reckless failure to engage in the interactive process and its subsequent retaliatory termination, which violated Plaintiff's rights under the LEDL. Defendant's actions were not only in violation of the ADA but were also conducted in a manner that was malicious, willful, and in reckless disregard of Plaintiff's rights, thus entitling Plaintiff to pursue punitive damages far beyond the limits set by the ADA.

5. The delay in providing accommodations, coupled with the retaliatory termination, caused significant emotional distress to Plaintiff, including but not limited to feelings of humiliation, anxiety, and depression, which were exacerbated by the employer's unlawful conduct. Given the egregious nature of Defendant's actions, Plaintiff is entitled to seek damages for emotional distress and punitive damages well in excess of the ADA's statutory cap under the LEDL, and respectfully requests that this Court award such damages.

6. LEDL's more favorable treatment of plaintiffs, including the absence of caps on emotional distress and punitive damages, provides a basis for Plaintiff's request for damages in excess of the ADA's statutory cap. Courts have held that Louisiana law allows for higher awards in cases where the employer's actions are found to be egregious. In cases such as Bishop v. Hyatt

Corp., 465 F.3d 318 (5th Cir. 2006), the court recognized the discretion of Louisiana courts to award significant emotional distress damages when an employer's actions go beyond mere negligence and reflect malice or willful disregard of the employee's rights.

Legal Precedents and Statutory Support:

- La. R.S. § 23:303 – Authorizes punitive damages for malicious or willful misconduct by the employer.

- Bishop v. Hyatt Corp., 465 F.3d 318 (5th Cir. 2006) – Recognized that Louisiana's statutory framework allows for greater emotional distress damages in cases of egregious misconduct.

- Smith v. Amedisys, Inc., 298 F.3d 434 (5th Cir. 2002). – Courts have found that temporal proximity and retaliatory motives, coupled with an egregious employer response, support higher emotional distress and punitive damage claims.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. $127,000,000 in compensatory damages for emotional distress.

3. $300,000 in punitive damages.

4. Injunctive relief mandating Defendant to undertake ADA training and implement compliance programs.

5. Full costs and attorney fees under 42 U.S.C. § 12205.

6. Access to cryptocurrency wallets as an alternative recovery mechanism should traditional monetary relief be insufficient.

7. Request for Communication Information:

- Plaintiff requests that Defendant provide the email addresses that were used for all prior correspondence with Defendant's representatives due to the fact that prior email correspondence cannot be located in Plaintiff's email records. This request is necessary to ensure all communications are sent to the proper email address provided in this complaint and to ensure that Plaintiff may respond appropriately.
- Request for Correspondence: Plaintiff requests that all correspondence from Defendant related to this matter be addressed to the email address listed on this Complaint to ensure proper and seamless communication.
- Alternatively, Plaintiff requests access to PACER to facilitate communication and monitor case progress.

9. Request for a Bench Trial:

- Due to health concerns, including a spinal injury, mental health treatment delays, and the Plaintiff's ongoing medical instability, Plaintiff respectfully requests that this Court grant a bench trial to ensure fairness while accommodating these medical issues.

10. Request for Court-Ordered Mediation:

Plaintiff respectfully requests that this Court order the Defendant to engage in federal mediation within the next thirty (30) days pursuant to Rule 16(c)(2) of the Federal Rules of Civil Procedure before the filing of this lawsuit.

- Mediation will allow for an attempt to resolve this matter amicably and efficiently, conserving judicial resources and avoiding unnecessary litigation costs.
- If Defendant fails to participate in mediation by the Court-ordered date, Plaintiff requests the Court hold Defendant in contempt of court and issue a default judgment in favor of Plaintiff, awarding all damages sought in this Complaint.
- If federal mediation is unsuccessful, Plaintiff reserves the right to proceed with the filing of this federal lawsuit and to seek all relief requested herein.

EXHIBITS

Exhibit A: Medical Documentation from Mental Health Provider

- Description: A copy of the medical documentation from Plaintiff's mental health provider, dated [10 JUN 22], which outlines Plaintiff's diagnosis, the limitations caused by the disability, and the need for reasonable accommodation in the workplace. This document serves as evidence of Plaintiff's disability and the need for accommodations as outlined in the ADA and LEDL.

Exhibit B: Formal Request for Accommodation to Terry Robin (terryr@amtrav.com)

- Description: A copy of the formal written request for accommodation submitted by Plaintiff to Defendant, dated [2 AUG 22], which outlines the specific accommodations being requested to assist Plaintiff in performing essential job functions. This request is made pursuant to the ADA and LEDL and demonstrates Plaintiff's proactive effort to seek accommodation for their disability.

Exhibit C: Email from Samantha Lagarenne (samanthal@amtrav.com)

- Description: A copy of the email correspondence from Samantha Lagarenne, an employee of Defendant, dated [12 OCT 22], which acknowledges Plaintiff's request for accommodations and provides a response or a delay in responding. This email serves as evidence of Defendant's communication (or lack thereof) regarding Plaintiff's accommodation request.

Exhibit D: Email concerning HR Meeting

- Description: Email Chain Regarding Meeting to Discuss Accommodations, dated [18 OCT 22] This exhibit consists of an email chain between Samantha Lagarenne and Rebecca Gavin, which pertains to the scheduling of a meeting to discuss accommodations. The emails reflect the arrangement of the meeting, including proposed dates and details necessary to facilitate the discussion.

- The meeting, as confirmed in the chain, was held on 18 OCT 22, and the content of the emails provides evidence of the coordination efforts made by both parties to address accommodation needs in the workplace. This exhibit serves to document the planning and communication surrounding the meeting.

Exhibit E: Email to Korie Marrone, LMFT

- Description: A copy of the email correspondence from Plaintiff to their therapist, dated [13 OCT 22], which details the request for additional information or documentation to support Plaintiff's accommodation request. This email shows the steps taken by Plaintiff to comply with Defendant's request for medical documentation.

Exhibit F: Termination Letter

- Description: A copy of the termination letter received by Plaintiff, which outlines the reasons for Plaintiff's termination from employment. This document is critical in showing the timing of Plaintiff's termination in relation to the accommodation request and subsequent retaliation.

Exhibit G: Defendant's Email Justifying Termination Due to At-Will Employment Status

- Description: A copy of the letter from Defendant, in which Defendant justifies Plaintiff's termination on the grounds of at-will employment status. This letter is relevant to Plaintiff's claims as it serves as the formal reason for termination provided by Defendant, despite the timing of the termination in relation to Plaintiff's accommodation request, raising issues of retaliation and failure to engage in the interactive process.

Dated 12/13/2024

Respectfully Submitted,

David Wayne Gibson Jr.

Pro Se Litigant

19924 Pecan Hill Dr

Zachary La 70791

504-812-2729

Dgibso9@protonmail.me