UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DAVID WAYNE GIBSON, JR.**                          **CIVIL ACTION**

**VERSUS**                                                              **24-584-JWD-RLB**

**AMERICAN TRAVEL ASSOCIATES, ET AL.**

**ORDER**

David Wayne Gibson, Jr., ("Plaintiff"), appearing *pro se*, filed the instant suit on July 16, 2024, bringing employment discrimination claims against American Travel Associates, Terry Robin, Rebecca Gavin, and Samantha Lagarenne. (R. Doc. 1). As his complaint provided insufficient facts, this Court ordered Plaintiff to amend his claims by providing additional information regarding the circumstances from which his claims arise and the specific allegations brought against the individual defendants. (R. Doc. 5). Plaintiff amended his complaint on August 15, 2024, but the first amended complaint was also insufficient. (R. Doc. 6). This Court entered a Report and Recommendation, on September 25, 2024, explaining the first amended complaint's deficiencies and giving Plaintiff fourteen (14) days to amend. (R. Doc. 7). The Report and Recommendation was adopted by the district judge and when no amendment was filed, this case was dismissed on October 15, 2024. (R. Docs. 8; 9; 10).

On November 14, 2024, Plaintiff filed a motion for reconsideration, explaining that he was unable to amend due to extenuating circumstances, such as being admitted to a behavioral hospital from August 16, 2024 to August 19, 2024 and experiencing a period of homelessness from August 19, 2024 until October 22, 2024. (R. Doc. 11). Based on this information, and other information provided within Plaintiff's motion for reconsideration, the district judge reopened the case and gave Plaintiff thirty (30) days, from November 15, 2024, to amend his first amended complaint. (R. Doc. 12). Within the allotted timeframe, Plaintiff filed his second amended complaint on December 13, 2024. (R. Doc. 13). This Court now addresses that second amended complaint (the "Complaint").

The Court, having considered the Complaint, the record, and the applicable law, *sua sponte* **ORDERS** the transfer of this case to the United States District Court for the Eastern District of Louisiana for the following reasons.

Plaintiff, in his second amended complaint, brings Louisiana Employment Discrimination Law ("LEDL") and Americans with Disabilities Act ("ADA") claims against American Travel Associates.[1] Venue for Plaintiff's LEDL claim is governed by 28 U.S.C. § 1391, the general venue statute, while Plaintiff's ADA claim is governed by the venue provisions in Title VII of the Civil Rights Act. *See Fowler v. Deloitte & Touche, LLP,* No. CV 15-2695, 2017 WL 1293983, at *2 (W.D. La. Mar. 24, 2017) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir. 2003)) ("Venue for [the FMLA, LEDL, and Louisiana Wage Payment Act] claims is governed by the general venue statute[, but the c]laims under the ADA are governed by the specific venue provisions of Title VII of the Civil Rights Act."). Under 28 U.S.C. § 1391, venue is proper only in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Under the venue provisions of Title VII of the Civil Rights Act, venue is proper (1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed," (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered," or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3).

---

[1] From the Court's review of the Complaint, the Complaint's exhibits, a prior case filed by AmTrav, and multiple secretary of state databases, this Court believes that the proper party is actually American Travel Solutions, LLC. *See* Central District of California Case No. 2:14CV01909 at R. Doc. 1 ("American Travel Solutions, LLC, is a Delaware Limited Liability Company with its principal place of business at 26707 Agoura Rd Suite 204, Calabasas, California 91302-3831 (referred to hereafter as 'AmTrav')."). Plaintiff's emails with his employer were with "AmTrav" and Plaintiff alleges the defendant is located "in Agoura Hills, California[.]" (R. Docs. 13; 13-1).

A transfer of venue may be made upon the motion of a party or by the court *sua sponte*. *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987) (citing 28 U.S.C. §§ 1404, 1406). On the face of the Complaint, venue in this district is improper for both Plaintiff's LEDL and ADA claims. With regard to the LEDL claim, venue is not appropriate in this district, but is appropriate in the Eastern District of Louisiana, because (i) the defendant is not domiciled in the Middle District of Louisiana and (ii) Plaintiff clearly states in the Complaint that "the events underlying th[e] action occurred in the Eastern District of Louisiana[.]" (R. Doc. 13). As for the ADA claim, the appropriate venue is also the Eastern District of Louisiana, because Plaintiff (i) alleges the "unlawful employment practice" occurred in the Eastern District,[2] and (ii) was employed by and worked from home for American Travel Associates while he was living in the Eastern District of Louisiana so that it is "the judicial district in which [Plaintiff] would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3); *see Fowler v. Deloitte & Touche, LLP,* No. CV 15-2695, 2017 WL 1293983, at *5-7 (W.D. La. Mar. 24, 2017).

Considering the foregoing,

**IT IS ORDERED**, *sua sponte*, that this action be and is hereby **TRANSFERRED** to the Eastern District of Louisiana.

Signed in Baton Rouge, Louisiana, on February 19, 2025.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] This Court notes that additional information may be needed regarding where the alleged unlawful employment practice truly occurred as "an employment practice is committed where the alleged discriminatory conduct occurred, rather than where its effects are felt[,]" but there is no evidence to show that the alleged unlawful employment practice occurred in the Middle District of Louisiana. *Morris v. ARTA Travel,* No. 3:23-CV-2036-D, 2023 WL 8285022, at *3 (N.D. Tex. Nov. 30, 2023) (quotations and citations omitted). Based on the location of the defendant,February 19, 2025 it appears that venue would also be appropriate in the proper district in California.